OPINION
Defendant Okey Vernon Smith, II., appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found him to be a sexual predator subject to the registration and notification laws contained in R.C. 2950. Appellant assigns a single error to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR.
The record indicates appellant pled guilty to one count of rape in violation of R.C. 2907.02, one count of felonious sexual penetration in violation of R.C. 2907.12, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of child endangering in violation of R.C. 2919.22. Appellant is presently incarcerated. His tentative parole date is December 1, 2006, and his release date is tentatively set for the year 2018. R.C.2950.09 states in pertinent part: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Chapter 2950 of the Revised Code sets forth three categories of sex offenders: sexual predators, habitual sex offenders, and other sex offenders. Appellant urges the trial court erred in finding he should be classified a sexual predator, the most serious classification and subject to the most stringent registration requirements. Appellant urges the evidence presented by the State at the sexual predator hearing failed to establish by clear and convincing evidence even a majority of the ten factors set forth in R.C. 2950.09. The seminal case in Ohio is State v. Cook (1998),83 Ohio St.3d 404. In Cook, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature, and not punitive, Cook at 417. As such, we will review this assignment of error under the civil standard of review, enunciated in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. In Morris, the Supreme Court held:
 "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."
Syllabus by the court.
Appellant urges he did not have a prior criminal record, and the single victim in the case was not impaired by drugs or alcohol. Appellant asserts there was no evidence of cruelty towards the victim, and he is currently addressing the issues of sexual abuse in programs available to him in prison. The trial court found appellant had been convicted of numerous sex offenses when he was approximately 32 years of age and the victim was 8. Appellant was a step-father figure to the child, with whom he lived. The trial court found the victim suffered severe trauma as a result of the offenses. The trial court concluded by clear and convincing evidence that it was appropriate appellant be classified as a sexual predator. Upon review, we find this is sufficient relevant, competent and credible evidence to support the trial court's judgment. We conclude the judgment is not against the manifest weight of the evidence. Appellant also urges because he is not available for parole until December of 2006, he has the opportunity to participate in the prison programs which will help alleviate his propensity to sexually abuse children after his release from prison. R.C. 2950.09 (B)(2) (f) states as a factor in determining whether an offender is a sexual predator whether the offender had participated in available programs for sexual offenders. Appellant urges the court's finding is premature because he has not been given adequate opportunity to participate in the available programs. Chapter 2950 of the Revised Code provides an offender the opportunity to petition the judge who made the determination that he was a sexual predator to review that determination and modify it if appropriate, see R.C. 2950.09 (D)(1). Thus, we find appellant's argument is not well taken. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By GWIN, P.J., HOFFMAN, J., and EDWARDS, J., concur.